UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff ) | |
| ) | Criminal Case 3:21-cr-25-1 |
| v. ) | Sentencing Hearing:  October 6, 2021 |
| ) | Judge John A. Gibney, Jr. |
| EMMANUELLE A. POWE, SR., ) | |
| Defendant ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW Defendant Emmanuella A. Powe, by and through his counsel, and hereby files a sentencing memorandum.  Pursuant to the factors set forth in 18 U.S.C. § 3553(a), Mr. Powe respectfully asks this Honorable Court to impose a variance of probation. We are respectfully aware of the lowest end of the statutory range advised by the United States Sentencing Guidelines (USSG)--but for his Career Offender status (Level 2 (II)).  We do not disagree with the government's recommendation of sentencing options providing a guideline recommendation of 15-21 months based on the August 12, 2021 Presentence Investigation Report (PSR), but believe a variance under 18 U.S.C. § 3553(a) to allow probation would be "sufficient, but not greater than necessary" under Section 3553(a); such a sentence would clearly serve the interests of justice for Mr. Powe.

Should this Honorable Court impose a period of incarceration, the Defendant asks this Court to recommend to the Bureau of Prisons that Mr. Stewart be assigned to a Federal Correctional Institution (FCI) as close as possible to his close family and home in Maryland.

Last, we ask the Court to allow two very close friends (Wayne Richardson and Dr. Nathaniel Mizzell), as well has Mr. Powe's daughter, Jule Powe, to make short statements at the sentencing in support of Mr. Powe. We submit that Mr. Powe's support group (as well as Defendant's Exhibits A-D (letters)), should be strongly considered by the Court in determining the sentence under Section 3553(a) and in imposing a sentence below the guideline recommendation range.

## PROCEDURAL POSTURE

On April 2, 2021, the government filed a criminal complaint in this district that charged Mr. Powe with Conspiracy to Violate the Animal Fighting Prohibitions of the Federal Animal Welfare Act, in violation of 7 U.S.C. § 2156(a)(1) and 18 U.S.C. §§ 49 and 371,. On May 10, 2021, Mr. Powe entered a guilty plea. The Defendant accepted responsibility very early in the process, as the search warrant executed in this matter

## RECOMMENDATION OF GOVERNMENT AND PROBATION OFFICE

The PSR and government recommend a USSG range of 15-21 months, which we do not contest, but respectfully request a variance.  Mr. Powe does not possess a significant criminal record. Mr. Powe was fully cooperative since the search warrant was executed against him in 2018. It is important to note that the conduct subject to this matter ceased upon the execution of the search warrant against him in 2018, and Mr. Powe did not run, or fail to cooperate.  Again, we do not contest the USSG calculation.  The dispute lies in whether this lengthy sentence is warranted in light of the Defendant's age (47), his support group, his family with his wife and children, and other factors under Section 3553(a).  We think a variance is more than appropriate.

## **THE LIFE OF MR. POWE**

Mr. Powe was born in Chesterfield County, South Carolina. His large and close family has always stood by his side, and he has always provided support for them. Mr. Powe was deeply connected with sports, playing football, baseball, and running track. Mr. Powe never gave up on education, as it pulled him out of poverty. Mr. Powe has also intended to be a bedrock of inspiration for his community. He is a Chief Financial Officer, he has coached youth football, and owns and runs a barbershop in Frederick, Maryland, where he employs numerous individuals.

Although no excuse, Mr. Powe's actions were for the financial benefit of the education of his children. His son Emmanuelle is currently in college. His daughter, Jule, is currently attending Virginia Commonwealth University in the fall of 2021, and his daughter, Jordan, had plans on attending pharmacy school. Mr. Powe, although wrong, had the intentions of giving his family their greatest opportunities in life.

In sum, Mr. Powe is not the sum of his actions in this matter, and is deserving of the Court's mercy in probation.

## **CONCLUSION**

Mr. Powe again prays that this Honorable Court impose a variant sentence of supervised probation. We also request that Mr. Powe be assigned to an FCI near his supportive family in Maryland should this Honorable Court impose incarceration.

Respectfully submitted

/s/
Gene Rossi, Esquire
VSB Number 93136
Carlton Fields, PA
Suite 400 West
1025 Thomas Jefferson Street, NW
Washington, DC  20007-5208
Telephone:  202-965-8119
Cell:  703-627-2856
Email:  grossi@carltonfields.com

*Attorney for Defendant Emmanuelle A. Powe, Sr.*

/s/
Devin Luqman, Esquire
Luqman Law
129 West Patrick Street, Suite 11
Frederick, MD 21701
Telephone:  301-900-8680
devin@luqmanlaw.com

*Pro-Hac Vice Attorney for Defendant Emmanuelle A. Powe, Sr.*

## CERTIFICATE OF SERVICE

I hereby certify that the DEFENDANT'S SENTENCING MEMORANDUM was filed with the Clerk of the Court via ECF and emailed to the U.S. Probation Office and to counsel for the United States on Wednesday, September 29, 2021.

    Respectfully submitted

    /s/
Gene Rossi, Esquire
VSB Number 93136
Carlton Fields, PA
Suite 400 West
1025 Thomas Jefferson Street, NW
Washington, DC  20007-5208
Telephone:  202-965-8119
Cell:  703-627-2856
Email:  grossi@carltonfields.com

    /s/
Devin Luqman, Esquire
Luqman Law
129 West Patrick Street, Suite 11
Frederick, MD 21701
Telephone:  301-900-8680
devin@luqmanlaw.com

*Pro-Hac Vice Attorney for Defendant Emmanuelle A. Powe, Sr.*